UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

José Luis Arrocha

ORIGINAL VITALIANO, J

CV11 - 3975

NAME OF PLAINTIFF(S)

v.

City University of New York.
Manuel Jenen Vivero

RECEIVED BLOOM, M.J.
AUG 16 2011
PRO SE OFFICE

NAME OF DEFENDANT(S)

This action is brought for discrimination in employment pursuant to (check only those that apply):

[✓] Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (amended in 1972, 1978 and by the Civil Rights Act of 1991, Pub. L. No. 102-166) (race, color, gender, religion, national origin).
**NOTE:** *In order to bring a suit in federal district court under Title VII, you must first obtain a right to sue letter from the Equal Employment Opportunity Commission.*

[ ] Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 - 634 (amended in 1984, 1990, and by the Age Discrimination in Employment Amendments of 1986, Pub. L. No. 92-592, the Civil Rights Act of 1991, Pub. L. No. 102-166).
**NOTE:** *In order to bring a suit in federal district court under the Age Discrimination in Employment Act, you must first file charges with the Equal Employment Opportunity Commission.*

[ ] Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 - 12117 (amended by the ADA Amendments Act of 2008, Pub. L. No. 110-325 and the Civil Rights Act of 1991, Pub. L. No. 102-166).
**NOTE:** *In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a right to sue letter from the Equal Employment Opportunity Commission.*

Jurisdiction is specifically conferred upon this United States District Court by the aformentioned statutes, as well as 28 U.S.C. §§ 1331, 1343. Jurisdiction may also be appropriate under 42 U.S.C. §§ 1981, 1983 and 1985(3), as amended by the Civil Rights Act of 1991, Pub. L. No. 102-166, and any related claims under New York law.

1. Plaintiff resides at:

5320 6th Avenue Apt 4-E
Street Address

Kings, N.Y, 11220, (347)599-1125.
County    State    Zip Code    Telephone Number

2. Defendant(s) resides at, or its business is located at:

535 East 80th Street
Street Address

_____, New York, N.Y, 10021
County    City    State    Zip Code

3. The address at which I sought employment or was employed by the defendant(s) is:

1650 Bedford Ave.
Street Address

_____, Brooklyn, N.Y, 11225
County    City    State    Zip Code

4. The discriminatory conduct of which I complain in this action includes

-2-

(check only those that apply).

- [✓] Failure to hire.
- [ ] Termination of my employment.
- [ ] Failure to promote.
- [ ] Failure to accommodate my disability.
- [ ] Unequal terms and conditions of my employment.
- [✓] Retaliation
- [ ] Other acts (specify): _____.

*NOTE: Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court.*

5. It is my best recollection that the alleged discriminatory acts occurred on: _____.
   Date(s)

6. I believe that the defendant(s) (check one)

   - [ ] is still committing these acts against me.
   - [ ] is <u>not</u> still committing these acts against me.

7. Defendant(s) discriminated against me based on my:
   (check only those that apply and state the basis for discrimination, for example, what is your religion, if religious discrimination is alleged)

   - [✓] race _____
   - [✓] color _____
   - [ ] gender/sex _____
   - [ ] religion _____
   - [ ] national origin _____
   - [ ] age _____   My date of birth is: ___, ___, ___
                                                  Date
   - [ ] disability _____

*NOTE: Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court.*

-3-

8. The facts of my case are as follows:

_Please read "STATEMENT OF FACTS, pages "2 to 8," on attached COMPLAINT_

(Attach additional sheets as necessary)

**Note:** As additional support for your claim, you may attach to this complaint a copy of the charge filed with the Equal Employment Opportunity Commission, the New York State Division of Human Rights, or the New York City Commission on Human Rights.

9. It is my best recollection that I filed a charge with the New York State Division of Human Rights or the New York City Commission on Human Rights regarding defendant's alleged discriminatory conduct on: _N/A_ .
    Date

10. It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission regarding defendant's alleged discriminatory conduct on: _10/20/2010_
    Date

**Only litigants alleging age discrimination must answer Question #11.**

11. Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding defendant's alleged discriminatory conduct (check one),

    ☐    60 days or more have elapsed.

    ☐    less than 60 days have elapsed.

12. The Equal Employment Opportunity Commission (check one):

    ☐    has not issued a Right to Sue letter.

    ☒    has issued a Right to Sue letter, which I **received** on 7/8/2011.

**NOTE:** Attach a copy of the Right to Sue Letter from the Equal Employment Opportunity Commission to this complaint.

WHEREFORE, plaintiff prays that the Court grant such relief as may be appropriate, including injunctive orders, damages, costs, and attorney's fees.

*/s/ Jose B. Arrocha*
PLAINTIFF'S SIGNATURE

Dated: 8/16/2011

5320 6th Ave. Apt 4E
Address
Brooklyn, N.Y. 11220

(347) 599-1175
Phone Number

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
JOSE LUIS ARROCHA,

                Plaintiff,

        - against-                                           ~~CIVIL SUIT~~ Complaint

THE CITY UNIVERSITY OF NEW YORK,
MANUEL SENEN VIVERO,

                Defendants
-----------------------------------------------------------X

## PARTIES

Plaintiff, Jose Luis Arrocha, a Panamanian-American with dark complexion, is a citizen of the United States and a resident of the State of New York; he is currently employed by Defendant as a "College Assistant", and he was also formerly employed by Defendant as an "Adjunct Lecturer in Spanish" at Medgar Evers College until his termination of this position on or about December 15, 2000.

Defendant, CITY UNIVERSITY OF NEW YORK ("CUNY"), is an educational institution with its campuses and facilities located in New York City. CUNY employs more than 500 persons.

Defendant, Senen Manuel Vivero, a White Spaniard, at all relevant times was and is the Chair Person of the Modern Languages Department of the School of Liberal Arts and Education of Medgar Evers College, and he exercised control over the recommendation, hiring, evaluation, and termination of employment of Plaintiff as an Adjunct Lecturer in Spanish.

## NATURE OF ACTION

1. This action is brought to remedy claims of job discrimination based on race, to refuse to promote and to rehire, and retaliation, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000e et seq., as amended by the Civil Rights Act of 1991, 42 U.S.C. Section 1981A ("Title VII"), and further seeks to redress the depravation of rights secured to Plaintiff by, 42 U.S.C. Section 83, including retaliation for activity protected under 42 U.S.C. Section 1981. The Court's pendant jurisdiction of claims arising under New York State law also invoked.

2. Plaintiff seeks injunctive relief and declaratory relief, compensatory damages, including back pay and front pay, reinstatement and other appropriate relief pursuant to federal law.

## JURISDICTION AND VENUE

3. On October 20, 2010, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("E.E.O.C.") alleging discrimination based on race, failure to hire and retaliation.

4. On July 8, 2011, Plaintiff received from the E.E.O.C. a "Rights to Sue" letter.

5. Plaintiff has complied with all prerequisites to jurisdiction in this Court under Title VII of the Civil Rights Act of 1964 and the Civil Rights Act of 1991.

6. Jurisdiction of this court is invoked pursuant to 28 U.S.C. Section 1331 and 1343(a) and under 42 U.S.C. Section 2000e-5 et seq. and 42 U.S.C. Section1983.

7. As the unlawful employment practices complained of herein were committed, and as substantial part of the events giving rise to the claim occurred, within the Eastern District of New York, venue is proper in this District pursuant to 28 U.S.C. Section 1391(b) and 42 U.S.C. Section 2000e-5(f) (3).

## STAMENT OF FACTS

8. Plaintiff was first employed by CUNY's Medgar Evers College as a College Assistant in the spring of 1998 and as an Adjunct Lecturer in Spanish in the spring of 1999.

9. As an Adjunct Lecturer, Plaintiff was a member of Medgar Evers College's Languages, Literature and Philosophy Department ("LLP Department").

10. At all relevant times, Plaintiff was qualified to perform the duties of an Adjunct Lecturer.

11. At the conclusion of each semester, Plaintiff received a performance evaluation.

12. For each of the spring 1999, fall 1999, and spring 2000 semesters, Plaintiff received an overall performance rating which was "satisfactory".

13. For the fall 2000 semester, Plaintiff received a performance evaluation overall of "2.5", which is less than a satisfactory rating.

14. Upon information and belief, Iraida Lopez, of Cuban descent and white complexion, was the person who wrote the fall 2000 performance evaluation of Plaintiff.

15. Upon information and belief, Lopez was a full-time faculty member in the Spanish program of the LLP Department from September 1998 until January 2001.

16. Lopez and others in the LLP Department, including Chairperson of said Department, Senen M. Vivero, created a climate in the Spanish language program which discriminated against darker complexioned employees, including Plaintiff, based on their race and/or national origin.

17. When Lopez provided Plaintiff with a less than satisfactory performance evaluation for the fall 2000 semester, she was motivated by discrimination, based on race and national origin.

18. Upon information and belief and at all relevant times, Medgar Evers College had a policy, practice, rule or regulation, which permitted Adjunct Lecturers to review their performance evaluations in a "post-observation conference."

19. At said post-observation conference, employees are permitted to argue in favor of having their performance evaluations changed to reflect a higher rating. Upon information and belief, Plaintiff's student evaluations were uniformly above average, and mostly excellent.

20. Plaintiff was never permitted a post-observation conference in retaliation to his fall 2000 performance evaluation.

21. By denying Plaintiff a post-observation conference after his Fall 2000 performance evaluation, Plaintiff was deprived the opportunity to refute said evaluation and to improve the performance evaluation's overall rating.

22. Upon information and belief, Lopez was responsible for denying Plaintiff his post-observation conference.

23. The decision to deny Plaintiff a post-observation conference was motivated by discrimination based on race and/or national origin.

24. Upon information and belief, performance evaluations are a factor considered in the three-step reappointment process for Adjunct Lecturer employed at Medgar Evers College.

25. In the fall of 2000, the LLP Department (in the "first step") recommended Plaintiff's reappointment as an Adjunct Lecturer for the spring 2001.

26. Upon information and belief, the "second step" of the reappointment revise process involves the college-wide "personnel and Budget Committee" which considers a candidate's curriculum vitae, peer performance evaluation and student evaluations.

27. Upon information and belief, Defendant Vivero had, at all relevant times the authority to grant Plaintiff a second post-observation conference, but he declined to do so, causing Plaintiff's termination of employment.

28. After the college-wide "Personnel and Budget Committee" declined to recommend Plaintiff for reappointment for the spring 2001 semester, the last of the three-step reappointment process permitted Plaintiff to submit additional information in support of his application for reappointment.

29. Plaintiff, as part of this final step, submitted additional information in the form of a letter he wrote to Provost Kofi Lomotey dated November 28, 2000.

30. Plaintiff's November 28, 2000 letter to Provost Lomotey detailed Plaintiff's belief that the LLP Department engaged in widespread discriminatory practices directed at persons of black race and complexion.

31. Specifically, the November 28, 2000 letter to Provost Lomotey, in part, states: "The Spanish Department is the apartheid of this university. Medgar Evers College does not have a Black professor of Spanish because of the blatant racism of White Hispanics toward Black Hispanics who have a perfect command of the Spanish language and excellent teaching skills. Moreover, there is a disturbing culture of favoritism that favors the appointment of white Cubans, Spaniards and White Hispanics from South America. In my opinion, Black Hispanics do not have an equal opportunity to teach Spanish. Sir, talent has no race; you can stop Medgar Evers College from being part of this repugnant trend."

32. Plaintiff reapplied for an Adjunct Lecturer position during the years 2005 to 2007 and in the spring 2009.

33. Defendant Vivero had the power and authority to review Plaintiff's employment applications and to recommend Plaintiff to the "second step" of the hiring review process of the college-wide Personnel and Budget Committee which considers a candidate's curriculum vitae and letters of recommendation, but Defendant Vivero refused to do so in retaliation against Plaintiff based on Plaintiff's engagement in protected activity, i.e. his complaining of racial policies within the Spanish Department of Medgar Evers College.

## PLAINTIFF'S FIRST CAUSE OF ACTION AS AGAINST CUNY

34. Plaintiff re-alleges each and every allegation set forth in paragraphs "1" to "33" as is fully set forth herein.

35. Defendant CUNY discriminated against Plaintiff in the terms and conditions of his hiring process on the basis of his race and retaliation, violation of Title VII.

36. In taking the above-described discriminatory actions, Defendant CUNY acted intentionally, with malice and reckless indifference to Plaintiff's rights under Title VII.

37. As a result of Defendant CUNY's discriminatory acts in violation of Title VII, Plaintiff has suffered and continues to suffer mental anguish, emotional distress, and other compensable injuries.

## PLAINTIFF'S SECOND CAUSE OF ACTION AS AGAINST VIVERO

38. Plaintiff re-alleges each and every allegation set forth in paragraphs "1" to "33" as is fully set forth herein.

39. Defendant Vivero was personally involved in the decision not to rehire Plaintiff as an Adjunct Lecturer, which decision was made in retaliation against Plaintiff for exercise of his protected activity, i.e. complaining of discrimination based on race and retaliation.

40. By retaliating against Plaintiff for engaging in protected activity, Defendant Vivero was acting under color of state law, and by so doing deprived Plaintiff of his rights, privileges and immunities secured by laws of the United States, including 42. U.S.C. Section 1981.

41. In taking the above-described discriminatory and retaliatory actions, Vivero, in his official capacity, acted intentionally, with malice and reckless indifference to Plaintiff's rights under 42 U.S.C. Section 1983.

### PLAINTIFF'S THIRD CAUSE OF ACTION

42. Plaintiff re-alleges each and every allegation set forth in paragraphs "1" to "33" as is fully set forth herein.

43. Defendant Vivero was personally involved in the decision not to hire Plaintiff as an Adjunct Lecturer, which decision was made in retaliation against Plaintiff for the exercising of his protected activity, i.e. complaining of discrimination based on race and retaliation.

44. By retaliating against Plaintiff for engaging in protected activity, Defendant Vivero was acting under color of state law, and by so doing deprived Plaintiff of his rights, privileges and immunities secured by the laws of the United States, including 42 U.S.C. Section 1981.

45. In taking the above-described discriminatory and retaliatory actions, Defendant Vivero, in his individual or personal capacity, acted intentionally, with malice and reckless indifference to Plaintiff's rights under 42 U.S.C. Section 1983.

46. As a result of Vivero's discriminatory and retaliatory acts in violation of 42 U.S.C. Section 1983, Plaintiff has suffered and continues to suffer mental anguish, emotional distress, and other compensable injuries.

### PLAINTIFF'S FOURTH CAUSE OF ACTION AS AGAINST VIVERO

47. Plaintiff re-alleges each and every allegation set forth in paragraphs "1" to "33" as is fully set forth herein.

48. Defendant Vivero, in his individual or personal capacity, by refusing to refer Plaintiff's employment application to the Hiring Committee for hiring as an Adjunct Lecturer between the years 2005 to 2009 engaged in the unlawful retaliation against Plaintiff and by so doing violated New York Executive Law Section 296 (6).

49. In taking the above-described discriminatory and retaliatory actions, Defendant Vivero acted intentionally, with malice and reckless indifference to Plaintiff's rights under New York Executive Law Section 296(6).

50. As a result of Defendant Vivero retaliatory acts in violation of New York Executive Law Section 290(6), Plaintiff has suffered and continues to suffer mental anguish, emotional distress, and other compensable injuries.

Wherefore, Plaintiff respectfully requests that this court enter a judgment against Defendants as follows:

    a) On the first Cause of Action as again CUNY, a declaration that the acts and practices complained of herein are violations of Title VII; enjoining and permanently restraining these violations of Title VII; awarding Plaintiff compensatory damages, lost wages, including fringe benefits and front pay which resulted from illegal discrimination; and rehiring Plaintiff;

    b) On the second Cause of Action as against Vivero in his official capacity, a declaration that the acts and practices complained of herein are violations of 42 U.S.C. Section 1983; enjoining and permanently restraining these violations of 42 U.S.C. Section 1983; and rehiring Plaintiff;

    c) On the Third Cause of Action as again Vivero in his individual or personal capacity, a declaration that the acts and practices complained of herein are violations of 42 U.S.C. Section 1983; awarding Plaintiff compensatory and punitive damages for emotional distress and humiliation;

    d) On the Fourth Cause of Action as against Vivero, a declaration that the acts and practices complained herein are violations of New York Executive Law Section 296; awarding Plaintiff compensatory damages for emotional distress and humiliation;

    e) AND FURTHER awarding Plaintiff the costs of this action, together with reasonable attorneys' fee and granting Plaintiff such other and further relief as this Court deems just and fair.

## DEMAND FOR TRIAL BY A JUDGE

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by a judge on all issues so assessed in this action.

Dated: Brooklyn, New York
~~July 19, 2011~~ /a/
August 16, 2011

Attn: Katherine Raymond
Office of General Counsel
City University of New York
535 East 80 Street
New York, 10021

Jose Luis Arrocha, pro se

*Jose Luis Arrocha*



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**New York District Office**

33 Whitehall Street, 5th Floor
New York, NY 10004-2112
For General Information: (800) 669-4000
TTY: (800)-669-6820
District Office: (212) 336-3620
General FAX: (212) 336-3625

Kevin J. Berry
District Director

July 8, 2011

VIA U.S. MAIL
Mr. Jose L. Arrocha
5320 6th Avenue, Apt. 4-E
Brooklyn, NY 11220

Re: Jose L. Arrocha v. CUNY Medgar Evers College
EEOC Charge No.: 520-2010-02686

Dear Mr. Arrocha:

The Equal Employment Opportunity Commission (hereinafter referred to as the "Commission"), has reviewed the above-referenced charge according to our charge prioritization procedures. These procedures, which are based on a reallocation of the Commission's staff resources, apply to all open charges in our inventory and call for us to focus our limited resources on those cases that are most likely to result in findings of violations of the laws we enforce.

In your charge against CUNY Medgar Evers College (hereinafter referred to as the "Respondent"), you allege that you were discriminated against on the basis of your race and color, and were retaliated against for participating in a protected activity in violation of Title VII of the Civil Rights Act of 1964, as amended. Specifically, you allege that the Respondent did not hire you to the position of Adjunct Lecturer because of your race and color. Furthermore, you claim that Professor Manuel Vivero, Chair of the Department of Modern Languages, failed to refer your application to the Department Personnel Budget Committee (P & B) for consideration because he favors lighter-skinned Hispanics over darker-skinned Hispanics and is retaliating against you for your previous charge of discrimination filed with the EEOC in 2002.

You claim in your initial charge and rebuttal that you applied for the Adjunct Professor position during the years 2005 to 2007 and in the fall of 2009. The EEOC only has jurisdiction to investigate claims that fall within the 300 day statute of limitations prior the date of your filed charge. As such, the Commission has no authority to investigate your allegations that the Respondent failed to hire you from 2005 until 2007. Therefore, the Commission was only able to investigate the allegations from 2009. An evaluation of the individuals hired to the Adjunct Lecturer position, including Ms. Come as identified in your July 5 letter, indicates that they were more qualified than you on the basis of education, teaching experience, and/or publications. The Commission is unable to conclude that your opportunity for employment was based on race or skin color.

Letter of Determination
Charging Party: Jose L. Arrocha
Respondent: CUNY Medgar Evers College
EEOC Charge No.: 520-2010-02686

In regard to the allegations that the Respondent retaliated against you for the 2002 EEOC charge of discrimination, the Commission was unable to determine there was a causal connection between the filing of the charge in 2002 and the Respondent's failure to hire you for the Adjunct Lecturer position in 2009.

Based upon an analysis of the information submitted to us by both parties, the Commission is unable to conclude that there has been a violation of Federal law on the part of Respondent.

The Commission's Processing of this charge has been concluded. Included with this letter is your Notice of Right to Sue. Following this dismissal, you may only pursue this matter by filing suit against the Respondent named in the charge within 90 days of receipt of said notice. Otherwise, your right to sue will be lost.

If you have any questions regarding this matter, please contact Federal Investigator, Austin Turner at (212) 336-3750.

Sincerely,

_____ for            7/8/11
Kevin J. Berry                  Date
District Director

Enc. Dismissal Notice of Right to Sue

EEOC Form 161 (11/09)                    **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Jose L. Arrocha<br>5320 6th Avenue<br>Apt. 4-E<br>Brooklyn, NY 11220 | From: | New York District Office<br>33 Whitehall Street<br>5th Floor<br>New York, NY 10004 |
|---|---|---|---|

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 520-2010-02686 | Austin F. Turner,<br>Investigator | (212) 336-3750 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Enclosures(s)          _Kevin Berry_          7/8/11
                       Kevin J. Berry,        (Date Mailed)
                       District Director

cc:  **Attn: Katherine Raymond**
     **Office of General Counsel**
     **CITY UNIVERSITY OF NEW YORK**
     **535 East 80th Street**
     **New York, NY 10021**

**INFORMATION RELATED TO FILING SUIT**
**UNDER THE LAWS ENFORCED BY THE EEOC**

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should keep a record of this date. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days** of the date this Notice was *mailed* to you (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS** -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 -- *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION** -- **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do **not** relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE** -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months** of this Notice. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*